IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID A. WILLIAMS, SR.,<br><br>                 Plaintiff,<br><br>v.<br><br>RACHEL DODD, and<br>MR. MARTIN,<br><br>                 Defendants. | Case No. 22-cv-01796-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff David Williams, an inmate of the Illinois Department of Corrections who is currently incarcerated at Robinson Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights regarding lack of treatment for his dental needs. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### THE COMPLAINT

In the Complaint,[1] Williams alleges that on May 20, 2022, he went to nurse sick call to complain about a hole in his tooth and corresponding pain. The nurse examined his tooth and told

---

[1] Williams has filed a complaint, supplement, and statement of facts. (Doc. 1, 6, 9). The Court is construing the allegations in all of these documents together as though they were filed as a single complaint. *See Otis v. Demarasse*, 886 F.3d 639, 644 (7th Cir. 2018). Williams, however, is **ADVISED** that in the future when filing a complaint, he must file a single document that stands on its own and contains all allegations against all defendants. The Court generally does not accept piecemeal amendments and additions to a complaint.

Williams that he would be placed on the waitlist to see the dentist. (Doc. 1, p. 14; Doc. 9, p. 1). Williams returned to nurse sick call on June 29, 2022 and July 7, 2022, further complaining about his tooth pain. He again was told he was on the waitlist.

On July 14, 2022, Williams spoke to Warden Dodd and Mr. Martin, the healthcare unit administrator, in his cellhouse about his tooth pain and the delay in care. He was informed that there is not a fulltime dentist at Robinson Correctional Center, and a dentist only comes to the facility once a week so he would have to wait his turn.

On July 28, 2022, Williams had an appointment with the dentist, who filled the tooth. (Doc. 9, p. 2). On August 14, 2022, the filling fell out of the tooth, and Williams went to nurse sick call on August 16, 2022, "to let them know the filing fell out and [he] was back in pain again." On August 17, 2022, he went to the health care unit and was given Tylenol for his pain. As of October 17, 2022, Williams has not seen a dentist to repair his filling. (Doc. 10, p.1). He is experiencing serious pain making it difficult to eat and drink. (Doc. 9, p. 2).

## DISCUSSION

Based on the allegations of the Complaint and supplemental documents, the Court finds it convenient to designate the following count:

> **Count 1:** Eighth Amendment claim against Dodd and Martin for deliberate indifference to Williams dental needs and associated pain.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint and supplemental documents but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.** *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (7th Cir. 2007).

The Eighth Amendment prohibits the deliberate indifference to a prisoner's "serious

medical needs," as deliberate indifference "constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009) (internal quotations omitted). This indifference includes "intentionally denying or delaying access to medical care or intentionally interfering with prescribed treatment." *Id.* at 829. To successfully state an Eighth Amendment claim of deliberate indifference, a plaintiff must plead that the defendant knew of a serious risk of harm and consciously disregarded it. *See Giles v. Godinez*, 914 F. 3d 1040, 1049 (7th Cir. 2019).

Here, Williams has failed to plead that Defendants Dodd and Martin acted with deliberate indifference towards an excessive risk to his health. Williams verbally notified Defendants on one occasion that he had been waiting three months to receive dental treatment and was in pain. While officials may not turn a blind eye to a constitutional violation, this single interaction is not sufficient to "give rise to a plausible claim that they knew [Williams] had a serious condition yet acted with indifference." *Owens v. Duncan,* 788 F. App'x 371, 374 (7th Cir. 2019) (finding that a single interaction with a medical provider at sick call did not amount to deliberate indifference (citing *Cf. Perez v. Fenoglio,* 792 f. 3d 768, 780 (7th Cir. 2015)). *See also Gutierrez v. Peters,* 111 F. 3d 1364, 1375 (7th Cir. 1997) ("isolated instances of neglect…cannot support a finding of deliberate indifference"). Williams has not stated a claim for deliberate indifference against Defendants for the delay and denial of dental care from May through July 2022.

Williams also cannot proceed on the claim for deliberate indifference against Dodd and Martin for the denial of care he has been experiencing since August 14, 2022, when his filling fell out of this tooth. There are no allegations that he has notified either Defendant that he is again having issues receiving care for the same tooth and associated pain. Williams simply states that they are "still showing a deliberate indifference towards my serious medical needs." (Doc. 9, p. 2). Conclusory legal statements and abstract recitations of the elements of a cause of action, such

as this, do not state claim. *See Brooks v. Ross*, 578 F.3d 581 (7th Cir. 2009). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (litigants must provide a minimum level of "factual content" to state a claim "that is plausible on its face."). For these reasons, Count 1 is dismissed for failure to state a claim for relief.

Even if Williams's claim survived preliminary review, this case must still be dismissed due to his failure to exhaust his administrative remedies prior to initiating this suit. Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim under Section 1983." *Massey v. Helman,* 196 F.3d 727, 733 (7th Cir.1999). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry,* 286 F.3d 1022, 1024 (7th Cir. 2002). The purpose of the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before a federal suit is initiated. *See Porter v. Nussle*, 534 U.S. 516, 52425 (2002). "A suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).

While failure to exhaust administrative remedies is an affirmative defense, when it is clear from the face of the complaint that a prisoner has not exhausted his available remedies, the complaint fails to state a claim upon which relief may be granted and is subject to dismissal. *Jones v. Bock*, 549 U.S. 199, 214–215 (2007); *see also Walker v. Thompson*, 288 F.3d 1005, 1009–10 (7th Cir.2002) (dismissal is appropriate "when the existence of a valid affirmative defense is so

plain from the face of the complaint that the suit can be regarded as frivolous").

In the Complaint and supplements, Williams states that he filed an emergency grievance on July 8, 2022, concerning the hole in his tooth and corresponding pain. (Doc. 1, p. 7). The grievance was determined to be an emergency by Dodd, received review by the grievance counselor, and then was ultimately denied on July 29, 2022. (*Id.* at p. 9). Williams appealed the grievance to the Administrative Review Board ("ARB") on August 2, 2022. The ARB did not review the grievance until August 10, 2022, two days after this case was initiated on August 8, 2022. (Doc. 9, p. 2, 3). Thus, the Court finds that Williams did not exhaust his administrative remedies prior to filing suit regarding the delay and denial of dental care prior to the July 28, 2022, dental appointment. *See Ford v. Johnson,* 362 F. 3 395, 398 (7th Cir. 2004) (prisoner's filing was fatally premature even though he filed his case in the district court only two days before receiving the prison's final decision). Furthermore, because the ARB has six months to review a grievance after its receipt, there is no way that Williams could have possibly fully exhausted his more recent claims regarding lack of dental care that has occurred since his filling fell out of his tooth on August 14, 2022. *See* 20 ILL. ADMIN. CODE § 504.850(e).

Because the failure to exhaust is obvious based on Williams exhibits and statements, this action is subject to dismissal pursuant to Section 1915A. The dismissal shall be without prejudice to Williams refiling his claims in a new lawsuit.

### MOTION FOR INJUNCTIVE AND DECLARATORY RELIEF

Because this case does not survive preliminary review, the motion for injunctive and declaratory relief is **DENIED**. (Doc. 10).

### DISPOSITION

For the reasons stated above, the Complaint and this entire case are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A and 42 U.S.C. §1997e(a) for failure to exhaust

administrative remedies before filing suit.

The motion for preliminary injunction (Doc. 10) is **DENIED.**

Williams is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable. 28 U.S.C. § 1915(b)(1); *Lucien*,133 F.3d at 467.

If Williams wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty (30) days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. If the appeal is found to be non-meritorious, Williams may incur a "strike."

If Williams does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C).

The Clerk of the Court is **DIRECTED** to enter final judgment and to close this case.

**IT IS SO ORDERED.**

**DATED:   October 20, 2022**

                                     *s/Stephen P. McGlynn*
                                     **STEPHEN P. MCGLYNN**
                                     **United States District Judge**